# EXHIBIT A

**DONALD G. NORRIS, A LAW CORPORATION**
500 SOUTH GRAND AVE., 18TH FLOOR
LOS ANGELES, CALIFORNIA 90071
TELEPHONE: (213) 232-0854
FACSIMILE:  (213) 286-9499

Donald G. Norris
dnorris@norgallaw.com

January 11, 2018

Honorable Josephine L. Staton
United States District Judge
Central District of California
Ronald Reagan United States Courthouse
411 West Fourth Street
Santa Ana, California 92701

      Re:    <u>United States v. Michael D. Drobot</u>
               SA CR 14-0034 (JLS)

Dear Judge Staton:

I write today on behalf of Michael D. Drobot, who is currently scheduled to be sentenced by Your Honor on Friday morning, January 12 in the above-referenced matter.

I am an attorney licensed to practice in California since 1979.  Out of law school I served as a law clerk in the Central District.  As an attorney I have handled many of Mr. Drobot's civil matters, both before and after the government investigation and prosecution in the case now before the Court, including the civil RICO case that was brought by State Compensation Insurance Fund before Judge Andrew Guilford.

Over the years I have represented many clients in civil matters, several of whom had related criminal matters.  Yet I have never once submitted a personal letter to a court on behalf of any client.  I do so today for Michael Drobot because, after knowing him for almost nine years, I can say that I consider him to be not just a client but also a good personal friend.  In my lengthy experience with Mr. Drobot he has always comported himself in a sincere and forthright manner, and treated people, including his employees, generously and with respect.

Mr. Drobot did pay physicians to incentivize them to refer spinal implant (and some other) surgeries to Pacific Hospital of Long Beach, where Mr. Drobot was either the owner or chief executive officer over the years. He also used profits from the operations of his implant hardware distribution company, International Implants, LLC (his control of which was of public record), to fund such payments. Neither I nor Mr. Drobot would seek to minimize the serious nature of his unlawful conduct.

One thing I think may merit consideration as to sentencing is that Pacific Hospital's facilities and patient care were first rate, particularly with respect to spinal surgeries. This was of prime importance to Mr. Drobot; he rightly could take pride in statistics such as the Hospital's singularly low infection rate. Mr. Drobot also made sure that the Hospital served a large Medicare population that otherwise might well not have had access to such care.

Pacific Hospital's spinal surgery patients did not complain before the indictment in this case. Unfortunately, thereafter dozens of lawsuits were filed that wrongly claimed that the Hospital had used "counterfeit" spinal implant hardware rather than the authentic, quality hardware it actually used, a claim the US Attorney's Office did not make here. Mr. Drobot has been sued in two qui tam cases and by the County of Los Angeles for many millions of dollars as well. Such consequences have poured down on Mr. Drobot without respite.

Recently I became familiar with the term collateral consequences as a theory for mitigation of punishment. I suspect that it is atypical for a defendant to face the wide range of consequences Mr. Drobot has suffered, and will continue to suffer. Those include:

1. destruction of his reputation
2. emotional toll
3. friends who have distanced themselves
4. loss of his life's work
5. the constant stress and expense of law suits, including dozens of baseless suits
6. surrendering valid accounts receivable, and the wholesale inability to collect the bills for a large volume of Hospital care that did not involve unlawful referrals
7. the forced sale of his hospital, with 1000 workers laid off
8. sales of homes and other assets below market value, and even below their purchase price
9. shame interacting with children and friends
10. loss of any professional future

With others Mr. Drobot handles these difficult circumstances with a commendable equanimity, as he tries not to worry his family and friends. But having observed him as both a lawyer and a friend I know the heavy toll all this has taken on him for over four years now.

I also have come to understand the term extraordinary acceptance of responsibility. I have seen this repeatedly in the face, statements and actions of Michael Drobot. He also displays deep remorse and contrition.

I respectfully suggest that this is a man who has already suffered considerable punishment. As a member of the bar of this Court, and one who continues to value Michael Drobot's friendship, I respectfully ask that this Court not impose a sentence of imprisonment, and if one is imposed, a short term. I ask this also in light of what I understand has been full cooperation on Mr. Drobot's part with the government, and his willingness to continue that cooperation after sentencing.

Sincerely,

Donald G. Norris