UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL D. DROBOT,<br><br>    Defendant. | No. SA CR 14-34-JLS<br><br>ORDER FINDING DEFENDANT IN <u>BREACH OF PLEA AGREEMENT</u> |

This matter is before the Court on the Government's Motion to Breach Defendant's Plea Agreement (Doc. 222). The Court, having reviewed the Government's motion, Defendant's opposition (Doc. 247), the Government's reply (Doc. 250), and Defendant's sur-reply, as well as the exhibits filed in support of the pleadings, and having held a hearing, GRANTS the motion. For the reasons outlined in the Government's pleading, and as stated herein and on the record at the hearing, the Court finds Defendant breached his plea agreement with the Government by knowingly and intentionally disobeying the Court's forfeiture order. The Court makes the following findings:

1

1  (1)  On February 21, 2014, Defendant entered into a plea agreement with the
2       Government. The plea agreement required Defendant to obey all Court
3       orders. On April 24, 2014, Defendant appeared before the Court, and the
4       Court confirmed that Defendant wished to enter a plea pursuant to his plea
5       agreement and that he understood the plea agreement's terms. Defendant
6       fully understood the terms of the plea agreement.
7  (2)  On January 10, 2018, this Court ordered criminal forfeiture, specifically a
8       $10,000,000 money judgment in favor of the United States that Defendant
9       was ordered to partially satisfy through the sale of selling his 1965 Aston
10      Martin, 1958 Porsche, and 1971 Mercedes Benz.
11 (3)  Defendant fully understood the terms of the Court's order as he and both
12      counsel signed a stipulation for the entry of the order and the Court
13      incorporated the forfeiture order by reference at his sentencing hearing.
14 (4)  Defendant intentionally violated the Court's order when he diverted the
15      proceeds from the sale of 1965 Aston Martin and 1971 Mercedes Benz to
16      bank accounts that he controlled and ultimately used the funds for
17      personal purposes.
18 (5)  In addition, Defendant has failed to abide by the Court's order that he sell
19      the 1958 Porsche and provided the proceeds to the Government.

The Court rejects Defendant's claim that he was entitled to credit against the forfeiture amount for his waiver of accounts receivable in his civil settlements. Neither the language of the agreement itself nor the communications between the parties support that claim. Rather, the evidence unequivocally establishes that Defendant fully understood in advance of entering into any agreement and entering his plea, that he would not receive any such credit for waived accounts receivable. Further, the Court rejects as contrary to plain meaning and the parties' intent, Defendant's argument that

the word "payment" in the Government's letter should be read broadly to include some unagreed-upon sum for waived accounts receivable.[1] Nor should such a term be imposed by the Court based on "fundamental fairness" as Defendant suggests. Both sides acknowledge that the waived accounts receivables were comprised, at least in part, of the fruits of Defendant's illegal activities. Defendant chose to forego other methods of determining his true forfeiture liability, which could have resulted in a much higher figure, in favor of the agreement he entered. Fairness does not mandate that the Court now rewrite that agreement in Defendant's financial favor.

Finally, Defendant's claim that the Government breached the plea agreement, or otherwise hindered Defendant's ability to comply with its terms is entirely unsupported by the record, and the Court rejects it. The agreement was breached because Defendant made a conscious and deliberate choice to breach it by diverting forfeited funds to himself for his own personal use.

Having found a breach, the Government is entitled to exercise its rights under the plea agreement.

IT IS SO ORDERED.

DATED: January 14, 2019

JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

---

[1] Indeed, it appears that as Defendant would have it, the waived accounts receivable would be sufficient to negate any forfeiture whatsoever.